


**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

*Connecticut Financial Center*  (203) 821-3700
*157 Church Street, 25th Floor*  *Fax (203) 773-5376*
*New Haven, Connecticut 06510*  *www.justice.gov/usao/ct*

October 9, 2018

Joseph DiBenedetto, Esq.
The Law Office of Joseph DiBenedetto, P.C.
233 Broadway, Suite 2707
New York, New York 10279

      Re:   *United States v. John Edmonds*
             Case No. 3:18cr239(RNC)

Dear Attorney DiBenedetto:

This letter confirms the plea agreement between your client, John Edmonds (the "defendant"); and the United States Attorney's Office for the District of Connecticut and the Fraud Section, Criminal Division, of the United States Department of Justice (collectively, the "Government").

## THE PLEAS AND OFFENSES

In consideration for the benefits offered under this agreement, the defendant agrees to waive his right to be indicted and to plead guilty to a two-count information charging him, in Count One, with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1343, commodities fraud, in violation of 18 U.S.C. § 1348(1), commodities price manipulation, in violation of 7 U.S.C. § 13(a)(2), and spoofing, in violation of 7 U.S.C. §§ 6c(a)(5)(C) and 13(a)(2), all in violation of 18 U.S.C. § 371; and in Count Two, with commodities fraud, in violation of 18 U.S.C. § 1348(1).

The defendant understands that, to be guilty of the conspiracy offense charged in Count One, the following essential elements must be satisfied:

1. A conspiracy, or unlawful agreement, existed between two or more persons to commit wire fraud, commodities fraud, commodities price manipulation, and spoofing, as described in the information;

*October 9, 2018 Letter to Joseph DiBenedetto, Esq.*
*Page 2*

    2. The defendant knowingly, willfully, and voluntarily became a member of, or a participant in, the conspiracy; and

    3. The defendant or one of his co-conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

The defendant further understands that, to be guilty of the commodities fraud offense charged in Count Two, the following essential elements must be satisfied:

    1. The defendant executed or attempted to execute a scheme or artifice to defraud any person;

    2. The scheme to defraud was in connection with any commodity for future delivery, or any option on a commodity or future delivery; and

    3. The defendant did so knowingly and with intent to defraud.

## **THE PENALTIES**

### Imprisonment

The conspiracy offense charged in Count One carries a maximum penalty of 5 years of imprisonment. The commodities fraud offense charged in Count Two carries a maximum penalty of 25 years of imprisonment. Thus, the defendant faces a maximum combined term of imprisonment for both offenses of 30 years.

### Supervised Release

In addition, as to Count One, the Court may impose a term of supervised release of not more than 3 years to begin after any term of imprisonment. 18 U.S.C. § 3583. The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

As to Count Two, the Court may impose a term of supervised release of not more than 5 years to begin after any term of imprisonment. 18 U.S.C. § 3583. The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 3 years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

*October 9, 2018 Letter to Joseph DiBenedetto, Esq.*
*Page 3*

### Fine

Each offense carries a maximum fine of $250,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction, for a total of $200. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty pleas are accepted.

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty pleas if his sentence

*October 9, 2018 Letter to Joseph DiBenedetto, Esq.*
*Page 4*

or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offenses. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter pleas of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offenses of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the Government and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the Government to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty pleas or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his pleas of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

*October 9, 2018 Letter to Joseph DiBenedetto, Esq.*
*Page 5*

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offenses set forth in the information before an indictment could be returned. The defendant acknowledges that he is waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Pleas

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the

*October 9, 2018 Letter to Joseph DiBenedetto, Esq.*
*Page 6*

attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the pleas of guilty are accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant expressly agrees to waive any defense or objection to his guilty pleas based on the statute of limitations applicable to the charges in the information.

### Waiver of Venue

The defendant expressly agrees to waive, for purposes of any charges by the Government arising out of the conduct described in the information, any defense or objection with respect to venue.

### Waiver of Right to Challenge Convictions

The defendant acknowledges that under certain circumstances he is entitled to challenge his convictions. By pleading guilty, the defendant waives his right to appeal or collaterally attack his convictions in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his convictions based on (1) any non-jurisdictional defects in the proceedings before entry of these pleas, (2) a claim that any statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, he is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241 if that sentence does not exceed 30 years of imprisonment, a 3-year term of supervised release, a $200 special assessment, and a $250,000 fine, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether

the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEAS

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offenses to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from the pleas of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, any plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For

*October 9, 2018 Letter to Joseph DiBenedetto, Esq.*
*Page 8*

All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his convictions.

The defendant understands that, by pleading guilty to Count One of the information, which charges a conspiracy to violate, among other laws, 7 U.S.C. § 13, he will be suspended from registration under that chapter and shall be denied registration or re-registration for five years or such longer period as the U.S. Commodity Futures Trading Commission ("CFTC") may determine, and barred from using, or participating in any manner in, any market regulated by the CFTC for five years or such longer period as the CFTC shall determine, on such terms and conditions as the CFTC may prescribe, unless the CFTC determines otherwise. The defendant understands that nothing in this plea agreement alters the CFTC's statutory authority or discretion to effect any such suspension, denial, or bar against him, or otherwise binds the CFTC in any way. The defendant nevertheless affirms that he wishes to plead guilty regardless of any collateral consequences that his pleas may entail under 7 U.S.C. § 13, or other applicable laws relating to the CFTC's authority over the defendant.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty pleas, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut, and with the Fraud Section, Criminal Division, as a result of his participation in the conduct which forms the basis of the information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

The defendant acknowledges that, notwithstanding any prior agreement with the Government, should he violate any of the conditions of this agreement, or move to withdraw his guilty pleas, (i) the facts set forth in the stipulation attached to this agreement shall be admissible as substantive evidence in any criminal or civil proceeding brought against the defendant; (ii) all statements made by the defendant to the Government or other designated law enforcement agents, all testimony given by the defendant before a grand jury or other tribunal, whether prior to or subsequent to the signing of this agreement, and any leads from such statements or testimony, shall be admissible in evidence in any criminal or civil proceeding brought against the defendant; and (iii) the defendant shall assert no claim under the United States

*October 9, 2018 Letter to Joseph DiBenedetto, Esq.*
*Page 9*

Constitution, the United States Sentencing Guidelines, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule that the facts set forth in the stipulation attached to this agreement or any statements made by the defendant or any leads derived from such statements should be suppressed or are otherwise inadmissible. The defendant understands that the intent of this agreement is to waive all rights in the foregoing respects.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

SANDRA MOSER
Acting Chief, Fraud Section

JOHN H. DURHAM
United States Attorney

_____
MATTHEW F. SULLIVAN
Trial Attorney, Fraud Section
U.S. Department of Justice

_____
AVI M. PERRY
Assistant United States Attorney

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____
JOHN EDMONDS
The Defendant

__10/9/18_____
Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____
JOSEPH DIBENEDETTO, ESQ.
Attorney for the Defendant

__10/9/18_____
Date

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the information:

At all relevant times, the defendant was employed as a precious metals trader at a U.S. bank that was headquartered in New York (the "Bank"). From no later than 2009 until no earlier than 2015, the defendant conspired with other precious metals traders at the Bank to engage in wire fraud, commodities fraud, commodities price manipulation, and spoofing, all for the common benefit of the traders and the Bank itself.

Among other means of achieving the objects of the conspiracy, the defendant and his fellow traders routinely placed bids and offers—in other words, orders—for precious metals futures contracts with the intent to cancel those bids and offers before execution (the "Spoof Orders"). This trading strategy was intended to, and did, transmit materially false and misleading liquidity and price information and otherwise deceive other market participants about the existence of supply and demand for the futures contracts at issue, and thus induce those other market participants to trade against orders that the defendant and his co-conspirators placed and did want to execute on the opposite side of the market from the Spoof Orders at prices, quantities, and times that the other market participants otherwise would not have traded. The Spoof Orders thus were designed to, and did, artificially move the price of precious metals futures contracts in a direction that was favorable to the defendant and his co-conspirators at the Bank, to the detriment of other market participants, including other market participants in Connecticut. The defendant placed the Spoof Orders in order to make money and avoid losses for himself, his co-conspirators, and the Bank. The defendant learned this deceptive trading strategy from more senior traders at the Bank, and he personally deployed this strategy hundreds of times with the knowledge and consent of his immediate supervisors.

The Spoof Orders constituted interstate wire communications because they were electronically placed by the defendant and his co-conspirators from computers at the Bank's office in New York onto the New York Mercantile Exchange, Inc. ("NYMEX") and Commodity Exchange, Inc. ("COMEX"), which were commodities exchanges operated by the CME Group Inc., a commodities marketplace located in Illinois. At all relevant times, NYMEX and COMEX were registered entities with the U.S. Commodity Futures Trading Commission. As described in the preceding paragraph, the materially false and misleading information that the defendant and his co-conspirators injected into the market by placing the Spoof Orders was relied upon by other market participants, including in Connecticut, to their detriment.

*October 9, 2018 Letter to Joseph DiBenedetto, Esq.*
*Page 11*

As one example of this deceptive trading strategy, on or about October 12, 2012, at approximately 1:08:48.831 p.m. (Central Daylight Time), the defendant placed an order to sell 402 silver futures contracts at the per-contract price of $33.610 with the intent to cancel the order before execution. The purpose of this Spoof Order was to induce other market participants to trade against the defendant's opposite-side order to buy silver futures contracts, which order the defendant *did* want to execute. The defendant's Spoof Order did, in fact, cause other market participants to react and trade at prices, quantities, and times that they otherwise would not have traded, but for the defendant's Spoof Order, including a precious metals trader in Connecticut who sold a single silver futures contract at 1:08:48.837 p.m. at the price of $33.585.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
JOHN EDMONDS
The Defendant

_____
AVI M. PERRY
Assistant United States Attorney

_____
JOSEPH DIBENEDETTO, ESQ.
Attorney for the Defendant

_____
MATTHEW F. SULLIVAN
Trial Attorney, Fraud Section

*October 9, 2018 Letter to Joseph DiBenedetto, Esq.*
*Page 12*

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I) the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.