UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN EDMONDS | CASE NUMBER:  3:18 CR 239 (RNC) |

**UNOPPOSED GOVERNMENT'S MOTION TO**
**AUTHORIZE ALTERNATIVE VICTIM NOTIFICATION PROCEDURES**

The Government respectfully moves this Court, pursuant to 18 U.S.C. § 3771(d)(2), for authorization to use alternative victim notification procedures—namely, publication on a Department of Justice website—because the large number of potential crime victims in this case makes it impracticable to notify them on an individualized basis.  The defendant does not oppose the Government's motion.  In support of its motion, the Government states the following:

1.     The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, provides crime victims with certain rights, including the right to "reasonable, accurate, and timely notice" of public court proceedings.  18 U.S.C. § 3771(a).  A "crime victim" is defined as "a person directly or proximately harmed as a result of the commission of a Federal offense."  18 U.S.C. § 3771(e).  In cases involving "multiple crime victims" where the court "finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in [18 U.S.C. § 3771](a), the Court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings."  18 U.S.C. § 3771(d)(2).

2.     The Government respectfully submits that this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because of the number of potential crime victims.  On October 9, 2018, the defendant pleaded guilty to a two-count information charging him, in Count One, with conspiracy to commit wire fraud, commodities fraud, commodities price manipulation, and spoofing, in violation of 18 U.S.C. § 371; and in Count Two, with commodities fraud, in violation of 18 U.S.C. § 1348(1).  *See* Information ¶¶ 2, 7 (Doc. No. 1, Oct. 9, 2018).  At all relevant times, the defendant was employed as a precious metals trader at a United States bank that was headquartered in New York (the "Bank"), and from approximately 2009 until 2015, he conspired with other precious metals traders at the Bank to manipulate markets for precious metals futures contracts traded on commodities exchanges operated by the CME Group Inc.  *See* Plea Agreement, at 10 (Doc. No. 7 Oct. 9, 2018).

3.     The charges in this case arise from the defendant and his co-conspirators placing orders for precious metals futures contracts that they intended to cancel before execution (the "Spoof Orders").  *Id.*  This trading strategy was intended to, and did, inject materially false and misleading liquidity and price information into the market and otherwise deceive other market participants about the existence of supply and demand for a given precious metals futures contract.  *Id.*  The strategy sought to induce other market participants to trade at prices, quantities, and times that they otherwise would not have but for the Spoof Orders.  *Id.*

4.     The Government believes that the Spoof Orders placed by the defendant and his co-conspirators may have affected hundreds of counterparties and other

market participants—all potential crime victims—that traded precious metals futures contracts while the Spoof Orders were pending in the market. Given the number of potential crime victims, this case involves "multiple crime victims" under 18 U.S.C. § 3771(d)(2) because it is impracticable for the Government to, among other things, identify and provide individualized notice to each potential crime victim pursuant to 18 U.S.C. § 3771(a).

5. As an alternative procedure to notify potential crime victims in this case, the Government proposes that it maintain a public Department of Justice website at https://www.justice.gov/criminal-vns/case/john-edmonds. The website would provide a summary of the case, information regarding the case's status, and other significant case-related documents, such as the charging documents. The website also would contain an e-mail address and telephone number for a Victim Assistance Line through which individual potential crime victims could contact the Department of Justice with questions regarding the case.

6. Courts have authorized the use of a website by the Government to notify crime victims under the CVRA in other complex fraud cases that involved numerous potential victims, including several cases with potential victims of spoofing. *See United States v. Flotron*, No. 17-cr-220 (JAM), ECF No. 32 (D. Conn. Nov. 2, 2017) (granting motion to permit victim notification through the use of a website in a case involving spoofing in the precious metals futures market); *see also United States v. Bases*, No. 18 CR 48, ECF No. 95 (N.D. Ill. Aug. 13, 2018) (allowing notification of potential spoofing victims through publication on a Department of Justice website);

*United States v. Thakkar*, No. 18 CR 36, ECF No. 37 (N.D. Ill. June 7, 2018) (permitting notification of potential victims of spoofing through publication on a Department of Justice website as an alternative means of individualized notice).

7. WHEREFORE, the Government respectfully requests that, under 18 U.S.C. § 3771(d)(2), the Court authorize the Government to maintain a website as a reasonable alternative procedure for notifying crime victims in this case.

Dated: November 15, 2018

                                        Respectfully submitted,

                                        SANDRA L. MOSER
                                        Acting Chief, Fraud Section
                                        Criminal Division
                                        U.S. Department of Justice

By:   /s/*Matthew F. Sullivan*
           Avi M. Perry
           Matthew F. Sullivan
           Trial Attorneys
           U.S. Department of Justice
           1400 New York Avenue, NW
           Washington, D.C. 20530
           (203) 821-3797 (Perry)
           (202) 353-6200 (Sullivan)
           Avi.Perry@usdoj.gov
           Matthew.Sullivan2@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN EDMONDS | CASE NUMBER:  3:18 CR 239 (RNC) |

## ORDER

The UNITED STATES OF AMERICA having moved this Court, without opposition from the defendant, to Authorize Alternative Victim Notification Procedures in this case, the Court finds that (i) the "multiple crime victims" provision of 18 U.S.C. § 3771(d)(2) applies to this case because it is impracticable for the Government to notify the numerous potential crime victims in this case of their rights on an individual basis; and (ii) the Government's proposed alternative notification procedure set out in its Motion to Authorize Alternative Victim Notification Procedures is a reasonable procedure to satisfy the Government's obligations under 18 U.S.C. § 3771 that does not unduly complicate or prolong the proceedings.

IT IS HEREBY ORDERED THAT the Government may provide notice to potential crime victims in this case through publication on a website maintained by the Department of Justice as an alternative to providing individualized notice.

SO ORDERED:

_____
Hon. Robert N. Chatigny
United States District Judge

DATE:  November ___, 2018

**CERTIFICATE OF SERVICE**

    I, Matthew F. Sullivan, hereby certify that on November 15, 2018, I caused the foregoing Unopposed Government's Motion to Authorize Alternative Victim Notification Procedures and Proposed Order to be electronically filed with the Clerk of Court by using the Court's electronic CM/ECF filing system, which will automatically send a notice of electronic filing to all parties.

                                                                  /s/*Matthew F. Sullivan*
                                                                  Matthew F. Sullivan
                                                                  Trial Attorney
                                                                  U.S. Department of Justice