UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

V.

JOHN EDMONDS

**JUDGMENT**

CASE NO. 3:18-CR-239-RNC
USM: 26022-014

Government's Counsel:

Avi Perry, Deputy Chief
Matthew F. Sullivan, Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005

Jonathan N. Francis
Assistant U.S. Attorney
U.S. Attorney's Office
157 Church St., 25th Floor
New Haven, CT 06510

Defendant's Counsel:
Joseph DiBenedetto
The Law Office of Joseph DiBenedetto, PC
1565 Franklin Avenue, Suite 301
Mineola, NY 11501

The defendant pleaded guilty to Counts One and Two of the Information. Accordingly, the defendant is adjudicated guilty of the following offenses:

| **Title & Section** | **Nature of Offense** | **Offense Concluded** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§ 371, 1343, and 1348(1), and 7 U.S.C. 6c(a)(5)(C) and 13(a)(2) | Conspiracy to Commit Wire Fraud, Commodities Fraud, Commodities Price Manipulation, and Spoofing | 2015 | One |
| 18 U.S.C. § 1348(1) | Commodities Fraud | 2015 | Two |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984. The Government's motion for a downward departure is granted.

**IMPRISONMENT**

The defendant is hereby sentenced to time-served on each of counts one and two, to run concurrently.

**SUPERVISED RELEASE**

The defendant will be on supervised release for a term of 1 year on each of counts one and two, to run concurrently, subject to the mandatory and standard conditions of supervised release set forth below.

In addition, the following special condition is imposed:

1. The defendant will complete a total of 100 hours of community service, at a rate of not less than 10 hours per month, under the direction of the Probation Office.

**MONETARY PENALTIES**

The defendant will pay a special assessment of $100 on each count of conviction for a total of $200.

The defendant will pay a fine in the total amount of $25,000. The fine will be paid in one lump sum within 30 days of the entry of this Judgment.

**TRANSFER OF SUPERVISION**

Supervision of the defendant is hereby transferred to the Eastern District of New York.

**DATE: June 13, 2023**
Date of Imposition of Sentence

Robert N Chatigny
Digitally signed by Robert N Chatigny
Date: 2023.06.15 08:46:46 -04'00'

Robert N. Chatigny, U.S. District Judge
Date: June 15, 2023

# CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ☐ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

(5) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

## STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
(4) You must answer truthfully the questions asked by your probation officer.
(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) You must follow the instructions of the probation officer related to the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) ______________________________ ______________
Defendant Date

______________________________ ______________
U.S. Probation Officer/Designated Witness Date

CERTIFIED AS A TRUE COPY ON THIS DATE: ______________________
By: ___________________________
Deputy Clerk

RETURN
I have executed this judgment as follows:

Defendant delivered on _______________ to ______________________________ at __________________________, with a certified copy of this judgment.

Lawrence Bobnick
Acting United States Marshal

By ________________________________________
Deputy Marshal